Reese, J.
delivered the opinion of the courf.
The question in this cause involves the construction of the act of 1809, ch. 53. The preamble to the act reads, that “whereas American citizens are debarred the right of succession to any real estate, which might descend to them by the death of relations in the kingdom of Great Britain, and whereas it is inconsistent with the protection which this State owes to its citizens to allowBritish subjects to inherit estates within this State, when American citizens are not allowed the same right of inheritance within the dominions of the British King'. Wherefore,” &c. Upon this preamble, it is obvious to remark, that the assumption which it contains is erroneous, for the subjects and citizens, respectively of the two countries indicated, at that time, bore towards each other, as to questions of succession and inheritance, the precise reciprocal relations which are intimated as being proper, being alike entitled to succession in personal, and alike barred from inheritance in real property. The first section of the act contains the following provisions: “In all cases where any person, within this State', shall die intestate, without issue, and possessed of any estate, real or personal, the said estate and every part thereof shall descend to such person or persons who are next of kin to the said decedent, and residents within the United States, to the perpetual exclusion of aliens, who may be related to the decedent in a nearer degree.”
In what sense is the term “alien” here used? Is it intended to include persons of foreign birth, not naturalized, although “resident,” and having their domicil within the U. States? or is it intended to apply to foreigners only, as well by residence as birth? In favor of the former sense, it may be rémarked, that it is more consistent with the scope of the preamble, the “protection” therein mentioned, being intended in favor of those who owe allegiance to our laws and institutions, and against the foreign subjects of *542 Great Britain. Moreover, the estate is to descend to the next of kin of the decedent, resident within the U. S., in contradistinction to aliens, who are excluded indeed, throughout this statute, in every instance. The persons to take are described as residents merely within the .United States, not as citizens or American citizens, terms used in the preamble only.
The framers of the law seem to have been studious, except in the inartificial use of the term “alien,to exclude, throughout the statute, the use of words that might interfere with our denizen population. So to have interfered, would have been in express conflict with the liberal feeling uniformly acted on by the American States towards that class: a policy expressly announced by our own legislature, as having been permanently that of the United States, in their preamble to the act of 1819, ch. 36. The next clause, in section 1st, to that above extracted, is as follows: “And in all cases where any person dying as aforesaid, shall have no relations within the U. States,” “then the county academy shall take,” &c. The first clause gives the estate to the next of kin of the decedent, “resident within the U. States,” excluding aliens, to wit, foreign residents. The second clause gives it to the county academy, when the person dying has no relations within the United States. “Residents within the U. S.,” “relatives within the U. S.” are tire terms selected, and not citizens, or American citizens, as descriptive of the next of kin, andaré used in contradistinction to the term “alien.”
If it were necessary to pursue the second section, it would be found still more strikingly to exhibit this contradistinguished use of the terms, resident and alien, so as to make it manifest, that the legislature did not intend to take the estate from, but on the contrary to give it to, a resident relation, although of foreign birth, domiciled among us at the time of the death.
Another consideration may be suggested, that it is not proper to amplify by construction, a statute which upon its face shows that its framers were mistaken as to the existing state of the law, especially, w'here such amplified construction makes it conflict still more with the liberal spirit of the American States on this subject.
We are of opinion, therefore, that the judgment of the circuit court must be reversed, and the case be remanded, in order that the jury may enquire into the damages.